■ RUBIA IDREES CHAUDHRY, Appellant, v EAST BUFFET & RESTAURANT, Also Known as EAST BISTRO CAFÉ, et al., Respondents. (And a Third-Party Action.) [808 NYS2d 239]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated June 10, 2004, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

While the defendants correctly contend that they were under no obligation to clear the walkway adjacent to their premises while the subject snowstorm was in progress (*see McConologue v Summer St. Stamford Corp.*, 16 AD3d 468, 469 [2005]; *Myrow v City of Poughkeepsie*, 3 AD3d 480 [2004]), once they elected to do so, they were required to act with reasonable care (*see Friedman v Stauber*, 18 AD3d 606, 607 [2005]; *Grau v Taxter Park Assoc.*, 283 AD2d 551, 552 [2001]), and they could be held liable if their efforts "create[d] a hazardous condition or exacerbate[d] a natural hazard created by the storm" (*Gibbs v Rochdale Vil.*, 282 AD2d 706, 707 [2001]).

The plaintiff testified that the subject walkway was clear of snow at the time of her accident, and that she slipped and fell on an icy condition which was present on the smooth, marble surface of the walkway. Moreover, the defendants' representative testified that the defendants installed the marble walkway, that they exclusively performed snow removal at the premises, that their practice was to shovel the walkway clear once the accumulation of snow reached approximately two inches, and that salt would then be applied to the walkway. Since the plaintiff indicated that no salt was present on the icy condition at the time of her fall, it cannot be determined as a matter of law that the defendants did not create or exacerbate a hazardous condition on the premises, and their motion for summary judgment therefore should have been denied (*see Kasem v Price-Rite Off. & Home Furniture*, 21 AD3d 799 [2005]; *Knee v Trump Vil. Constr. Corp.*, 15 AD3d 545, 546 [2005]; *Karalic v City of New York*, 307 AD2d 254, 255 [2003]; *Lopez v City of New York*, 290 AD2d 539, 540 [2002]). Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.