■ JOHN SALVANTI, Appellant, v SUNSET INDUSTRIAL PARK ASSOCIATES et al., Respondents. (And a Third-Party Action.) [813 NYS2d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 1, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

A defendant may be held liable for a slip-and-fall incident involving snow and ice on its property only upon a showing that the defendant created a dangerous condition or had actual or constructive notice of it (*see Cody v DiLorenzo*, 304 AD2d 705 [2003]; *Mahoney v Affrunti*, 297 AD2d 717 [2002]; *Mejia v City of New York*, 272 AD2d 453 [2000]). Generally, a defendant has no duty to remove snow and ice during an ongoing storm. However, once the defendant undertakes snow removal efforts, it must do so in a reasonable manner and may be held liable for creating or exacerbating a dangerous condition (*see Rugova v 2199 Holland Ave. Apt. Corp.*, 272 AD2d 261, 263 [2000]; *Suntken v 226 W. 75th St.*, 258 AD2d 314, 315 [1999]).

On February 7, 2003, between 4:30 P.M. and 5:30 P.M., the plaintiff allegedly slipped and fell on a sheet of ice approximately 10 to 15 feet in area outside his employer's warehouse located in the defendants' industrial park. The defendants moved for summary judgment dismissing the complaint and the plaintiff cross-moved, inter alia, pursuant to CPLR 3126 to strike the

defendants' answer for failure to comply with discovery orders. In support of their motion, the defendants submitted the climatological data as reported at JFK airport on the day of the incident which showed that 4.6 inches of snow fell and temperatures remained below freezing that day. Based upon the defendants' own maintenance and tenant billing records, on the day of the incident, there was a snowfall of approximately 4 to 6 inches and their entire maintenance staff worked on snow plowing and removal from 7:30 A.M. to 4:00 P.M. According to the testimony of one of the defendants' principals, it was the defendants' practice to keep snow removal equipment and salt spreaders on hand for the immediate removal of snow and ice, and that for an ice condition, a salt spreader was the only thing that was effective. While their records indicate that snow was removed that day, there was no record of their having used their salt spreaders. The defendants also submitted a copy of the plaintiff's deposition testimony. He testified that he slipped and fell on a 10-to-15-foot area of ice. After he got up he noticed ice shavings on his hands. However, he did not notice any salt on the ground.

Under the circumstances presented here, the defendants failed to establish that their snow-removal efforts did not create or exacerbate a dangerous condition in the area in the industrial park where the plaintiff fell (*see Karalic v City of New York*, 307 AD2d 254 [2003]; *see also Artis v City of New York*, 24 AD3d 477 [2005]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]; *Kasem v Price-Rite Off. & Home Furniture*, 21 AD3d 799 [2005]).

To the extent that the plaintiff raises issues with respect to his cross motion, inter alia, pursuant to CPLR 3126 to strike the defendants' answer for failure to comply with discovery orders, the Supreme Court failed to determine the cross motion and it remains pending and undecided (*see Kasner v Kasner*, 8 AD3d 535 [2004]; *Katz v Katz*, 68 AD2d 536 [1979]). Thus, those issues are not properly before us. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.