■ GARY LOTENBERG, Appellant, et al., Plaintiff, v LONG IS-LAND RAILROAD, Respondent. [824 NYS2d 144]—

In an action to recover damages for personal injuries, etc., the plaintiff Gary Lotenberg appeals from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated April 4, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant is denied.

A property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazardous condition caused by the storm (*see Fahey v Serota*, 23 AD3d 335 [2005]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]). However, here, in light of the conflict in the testimony of the parties and the climatological data, issues of fact exist as to when the snow fall ceased and whether the defendant had an adequate opportunity to ameliorate the hazardous condition, if any, caused by the snow fall. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant should have been denied. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.