■ WENDY CALDWELL, Appellant, et al., Plaintiff, v S&S LEVIT-TOWN, LLC, Defendant/Third-Party Plaintiff-Respondent. MEL-VILLE SNOW CONTRACTORS, INC., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [895 NYS2d 202]—

In an action to recover damages for personal injuries, etc., the plaintiff Wendy Caldwell appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 21, 2008, as, upon renewal, in effect, vacated so much of its prior order dated May 5, 2008, as denied that branch of the third-party defendant's motion which was, in effect, for summary judgment dismissing the complaint and that branch of the defendant third-party plaintiff's cross motion which was for summary judgment dismissing the complaint and thereupon, granted those branches of the motion and cross motion.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and, upon renewal, so much of the order dated May 5, 2008, as denied that branch of the third-party defendant's motion which was, in effect, for summary judgment dismissing the complaint and that branch of the defendant/third-party plaintiff's cross motion which was for summary judgment dismissing the complaint is adhered to.

On January 27, 2004, at approximately 12:30 P.M., the plaintiff Wendy Caldwell (hereinafter the plaintiff) allegedly slipped and fell on snow and/or ice in a parking lot located on the defendant's premises as she was exiting her vehicle. Thereafter, the plaintiff and her husband, suing derivatively, commenced the present action against the owner of the premises, S&S Levittown, LLC (hereinafter S&S). The defendant subsequently commenced a third-party action against Melville Snow Contractors, Inc. (hereinafter Melville), which was the contractor it had retained to remove snow and ice from the premises.

After joinder of issue, Melville moved, inter alia, in effect, for summary judgment dismissing the complaint based on the "storm in progress" doctrine, and S&S cross-moved, inter alia, for summary judgment dismissing the complaint on the same ground.

S&S and Melville failed to establish, as a matter of law, that the plaintiff slipped and fell on snow or ice that fell during the storm (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851,

853 [1985]). Thus, the sufficiency of the plaintiff's opposition papers need not be addressed (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, upon renewal, the Supreme Court should have adhered to its original determination denying that branch of Melville's motion which was, in effect, for summary judgment dismissing the complaint and that branch of S&S's cross motion which was for summary judgment dismissing the complaint. Fisher, J.P., Miller, Eng and Hall, JJ., concur.