■ RITA LESTER, Respondent, v ROSINA ACKERMAN et al., Appellants. [918 NYS2d 376]—

The defendant Rosina Ackerman Revocable Trust (hereinafter the Trust), the owner of real property on which the subject accident allegedly occurred, failed to make a prima facie showing that it was entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it based on the "storm in progress" rule. Although the Trust submitted the affidavit of a meteorologist to support its contention that a winter storm was in progress at the time of the subject slip-and-fall accident, it also submitted the plaintiff's deposition testimony, which indicated that snow had fallen during the night prior to the accident, but that it was not snowing at the time of the accident. This conflicting evidence was insufficient to establish, as a matter of law, that there was a storm in progress at the time and location of the accident, and that the plaintiff slipped on snow or ice accumulated during an ongoing storm (*see Wood v Schenectady Mun. Hous. Auth.*, 77 AD3d 1273 [2010]; *Caldwell v S&S Levittown, LLC*, 70 AD3d 881 [2010]; *Verleni v City of Jamestown*, 66 AD3d 1359, 1360 [2009]; *Daniels v Meyers*, 50 AD3d 1613, 1614 [2008]; *Lotenberg v Long Is. R.R.*, 34 AD3d 435 [2006]; *Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]). Since the Trust did not sustain its prima facie burden, we need not review the sufficiency of the papers submitted by

the plaintiff in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Caldwell v S&S Levittown, LLC*, 70 AD3d at 882).

. Accordingly, the Supreme Court properly denied the Trust's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.