■ BERNARD KANTOR et al., Respondents, v LEISURE GLEN HOMEOWNERS ASSOCIATION, INC., Appellant. [944 NYS2d 640]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 18, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"Under the 'storm in progress rule,' a landowner 'generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter' " (*Weller v Paul*, 91 AD3d 945, 947 [2012], quoting *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *see Marchese v Skenderi*, 51 AD3d 642 [2008]). However, once a landowner elects to engage in snow removal activities, it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm (*see Chaudhry v East Buffet & Rest.*, 24 AD3d 493, 494 [2005]; *Friedman v Stauber*, 18 AD3d 606, 606-607 [2005]; *Grau v Taxter Park Assoc.*, 283 AD2d 551, 551-552 [2001]).

Contrary to the defendant's contention, it failed to demonstrate its prima facie entitlement to judgment as a matter of law. The defendant failed to establish that the storm in progress rule applied herein, since the climatological data from a nearby town and the injured plaintiff's deposition testimony, both of which were submitted by the defendant in support of the motion, conflicted as to whether precipitation was falling at or near the time of the accident (*see Lester v Ackerman*, 82 AD3d 847 [2011]; *see also Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]). Furthermore, the defendant failed to adequately demonstrate that the snow removal efforts it underook neither created nor exacerbated the allegedly hazardous condition which caused the injured plaintiff to fall (*see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d at 494). Since the defendant failed to sustain its prima facie burden, we need not consider the ade-

quacy of the plaintiffs' submissions in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lester v Ackerman*, 82 AD3d at 847-848).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.