■ ROBERT COTTER, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, INC., Appellant. [947 NYS2d 608]—

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a *result of the* accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Weller v Paul*, 91 AD3d 945, 947 [2012]). However, even if a storm is ongoing, once a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating or exacerbating a natural hazard created by the storm (*see Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]).

Here, the defendant property owner failed to establish, prima facie, that it was entitled to judgment as a matter of law dismiss-

ing the complaint based on the storm in progress rule. In support of its motion, the defendant submitted an affirmed report of a meteorologist who opined that a storm was in progress at the time the plaintiff allegedly slipped and fell on ice. However, copies of the records upon which the meteorologist relied in forming his opinion were not attached to the report, and thus, the report has no probative value (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Daniels v Meyers*, 50 AD3d 1613 [2008]; *Schuster v Dukarm*, 38 AD3d 1358 [2007]). To meet its prima facie burden, the defendant could not rely on its submission of such records for the first time in its reply papers (*see David v Bryon*, 56 AD3d 413, 414-415 [2008]; *Rengifo v City of New York*, 7 AD3d 773 [2004]; *Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470, 471 [2001]).

The defendant also did not make a prima facie showing that the snow removal efforts it undertook did not create or exacerbate the hazardous condition upon which the plaintiff allegedly fell (*see Robles v City of New York*, 56 AD3d 647 [2008]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]).

Since the defendant did not sustain its prima facie burden, we need not consider the adequacy of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lester v Ackerman*, 82 AD3d 847, 847-848 [2011]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.