(February 20, 2013)

■ GLORIA ABRAMO et al., Respondents, v CITY OF MOUNT VERNON et al., Appellants. [959 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), entered November 28, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Gloria Abramo (hereinafter the injured plaintiff) allegedly sustained personal injuries as a result of a slip-and-fall accident on the sidewalk outside of a parking garage on West Broad Street in Mount Vernon. She allegedly fell due to the snow and icy conditions on the sidewalk, which was owned and maintained by the defendant City of Mount Vernon and related entities (hereinafter collectively the City defendants). The City defendants moved for summary judgment dismissing the complaint on the ground that they did not receive prior written notice of the snow and ice condition which allegedly caused the injured plaintiff to slip and fall pursuant to section 265 of the Charter of the City of Mount Vernon, which requires such notice for injuries "sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, parking lot or parking garage." The City defendants also contended that a storm was in progress at the time of the accident. The Supreme Court denied the motion.

To meet their initial burden of demonstrating their entitlement to judgment as a matter of law on the ground that they had no prior written notice of the alleged defective or dangerous condition pursuant to a prior written notice statute, the City defendants were required to submit proof through affidavit or deposition testimony that they did not receive the notice required by the statute (see Masotto v Village of Lindenhurst, 100 AD3d 718 [2012]; Ali v Village of Pleasantville, 95 AD3d 796 [2012]; LiFrieri v Town of Smithtown, 72 AD3d 750 [2010]).

Here, the City defendants failed to meet their prima facie burden based on the prior written notice law, section 265 of the Charter of the City of Mount Vernon. The City defendants' submission of sworn deposition testimony that arguably demonstrated that the City may not have maintained records of snow and ice complaints, as required by General Municipal Law § 50-g, raised a triable issue of fact. Accordingly, the Supreme Court properly denied the City defendants' motion insofar as it was based on the prior written notice statute, without regard to the sufficiency of the plaintiffs' opposition papers (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Martinez v Khaimov*, 74 AD3d 1031 [2010]; *see generally Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]).

The Supreme Court also properly denied the City defendants' motion insofar as it was based on the storm in progress rule. "Under the 'storm in progress rule,' a landowner 'generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter' " (*Weller v Paul*, 91 AD3d 945, 947 [2012], quoting *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]). Here, the City defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law based on the storm in progress rule. The City defendants' submissions in support of their motion included climatological data from nearby locations that was inconsistent and also contradicted the plaintiff's deposition testimony. Since the evidence submitted by the City defendants was in conflict and, thus, could not establish, as a matter of law, that the storm in progress rule applied herein (*see Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177, 1177 [2012]; *Weller v Paul*, 91 AD3d at 947; *Lester v Ackerman*, 82 AD3d 847, 847 [2011]), the Supreme Court properly denied the City defendants' motion for summary judgment on this basis.

The City defendants' remaining contentions need not be reached in light of our determination, or are improperly raised for the first time on appeal. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.