■ THOMAS MCBRYANT, Respondent, v PISA HOLDING CORPORATION et al., Appellants. [973 NYS2d 757]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated March 23, 2012, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

At approximately 8:00 a.m. on December 24, 2008, the plaintiff allegedly was injured in the parking lot of a gas station located on Hamilton Avenue in Brooklyn and owned by the defendants. Specifically, the plaintiff, while attempting to put air in his vehicle's tire, allegedly slipped and fell on an icy condition near the air pumps. The plaintiff commenced this action to recover damages for personal injuries, and the defendants moved for summary judgment dismissing the complaint on the ground that they were not liable for the plaintiff's injuries because a storm was in progress at the time of the accident. The Supreme Court denied the motion.

" 'A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it" (*Feola v City of New York*, 102 AD3d 827, 827 [2013], quoting *Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106, 1106 [2011]). A defendant moving for summary judgment must establish, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of it, and may sustain this burden by presenting evidence that there was a storm in progress at the time of the plaintiff's accident (*see Meyers v Big Six Towers, Inc.*, 85 AD3d 877, 877-878 [2011]).

Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law based on the storm in progress rule. In support of their motion, the defendants submitted printouts from a website dedicated to weather reporting called the "Weather Underground" which were not certified as business records and thus inadmissible (*see* CPLR 4518 [a]). They also submitted the plaintiff's deposition testimony and certified climatological records from the National Oceanic and Atmospheric Administration's National Climatic Data Center. The certified climatological data, inter alia, indicated that less than one-half inch of precipitation fell on December 24, 2008, and that which did fall was in the form of rain and mist. The minimum temperature on that date was 31 degrees Fahrenheit and the average temperature was 45 degrees Fahrenheit. The

data further indicated that as of 7:00 a.m. on December 24, 2008, two inches of snow were on the ground. There had been a snowfall of 4.4 inches on December 19, and lesser amounts of approximately one inch on December 20 and again on December 21, but it did not snow at all on December 24. This evidence, combined with the plaintiff's deposition testimony that it was clear and cold at approximately 8:00 a.m. on December 24, 2008, and that, as he was driving into the gas station parking lot, he had observed patches of ice "all around," was insufficient to establish that the storm in progress rule applied and that the ice upon which the plaintiff slipped was the result of an ongoing storm as opposed to an accumulation of ice from the prior snowfalls (*see Abramo v City of Mount Vernon*, 103 AD3d 760, 761 [2013]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]; *Lester v Ackerman*, 82 AD3d 847 [2011]). Since the defendants did not sustain their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lester v Ackerman*, 82 AD3d at 847-848; *Caldwell v S&S Levittown, LLC*, 70 AD3d 881, 881-882 [2010]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.