■ CHRISTOPHER GWINN, Appellant, v CHRISTINA'S POLISH RESTAURANT, INC., et al., Respondents. [986 NYS2d 182]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated April 26, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On December 27, 2010, at approximately 8:15 a.m., the plaintiff allegedly slipped and fell on ice on metal vault doors in the sidewalk in front of a restaurant which was owned and operated by the defendants. The plaintiff subsequently commenced this personal injury action. The defendants moved for summary judgment dismissing the complaint, the Supreme Court granted the motion, and the plaintiff appeals.

A property owner that elects to engage in snow removal activities must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by a storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]). Contrary to the defendants' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law, as they failed to establish that the snow removal efforts that were undertaken prior to the accident neither created nor exacerbated the allegedly hazardous icy condition which caused the plaintiff to fall (*see Kantor v Leisure*

*Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]; *Robles v City of New York*, 56 AD3d 647 [2008]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]; *Lopez v City of New York*, 290 AD2d 539 [2002]). Since the defendants failed to sustain their prima facie burden, we need not consider the adequacy of the plaintiff's submissions in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Lester v Ackerman*, 82 AD3d 847 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Cohen and LaSalle, JJ., concur.