■ HANY YASSA et al., Respondents, v DANIEL AWAD, Appellant. [986 NYS2d 525]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much an order of the Supreme Court, Richmond County (McMahon, J.), dated November 1, 2012, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a

result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Weller v Paul*, 91 AD3d 945, 947 [2012]). However, even if a storm is ongoing, once a property owner elects to remove snow, it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm (*see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177, 1177 [2012]; *Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]).

Contrary to the defendant's contention, he failed to establish his prima facie entitlement to judgment as matter of law based on the storm in progress rule. The evidence he relied upon which included, inter alia, climatological data from a nearby location, was inconsistent and contradicted the deposition testimony of the parties (*see Abramo v City of Mount Vernon*, 103 AD3d 760 [2013]). Since the evidence submitted by the defendant was in conflict, it could not establish, as a matter of law, that the storm in progress rule applied (*see Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d at 1177; *Weller v Paul*, 91 AD3d at 947; *Lester v Ackerman*, 82 AD3d 847, 847 [2011]).

The defendant also failed to make a prima facie showing that the snow removal efforts he and his family undertook prior to the accident, while it was still snowing, did not create or exacerbate the hazardous condition which allegedly caused the plaintiff Hany Yassa to fall (*see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d at 524; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d at 1177; *Robles v City of New York*, 56 AD3d 647 [2008]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]).

Since the defendant did not meet his prima facie burden, the Supreme Court properly denied his motion for summary judgment dismissing the complaint, and we need not consider the adequacy of the plaintiffs' papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d at 525; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d at 1177). Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.