■ SANDRA BOSI, Appellant, v GILBERT LOUZOUN et al., Defendants, and CITY OF NEW YORK, Respondent. [20 NYS3d 569]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Strauss, J.), entered September 24, 2014, which, upon the granting of the application of the defendant City of New York, in effect, for summary judgment dismissing

the complaint insofar as asserted against it, is in favor of the defendant City of New York and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the application of the defendant the City of New York, in effect, for summary judgment dismissing the complaint insofar as asserted against it is denied, the complaint is reinstated against that defendant, and the matter is remitted to the Supreme Court, Queens County, for a trial against that defendant.

The plaintiff allegedly was injured when she fell into an unguarded tree well while walking on the sidewalk in front of certain premises in Queens, allegedly due to, inter alia, the height difference between the sidewalk and the soil in the well. After filing a notice of claim against the defendant City of New York, the plaintiff commenced this action against, among others, the City, to recover damages for personal injuries.

On the day that the trial was scheduled to begin, after the jury had been selected, the Supreme Court granted the City's application, in effect, for summary judgment dismissing the complaint insofar as asserted against it, made on the ground that the City did not have prior written notice of the alleged defect. The application was not supported by any motion papers and no formal motion was made on notice to the plaintiff. A judgment was subsequently entered against the plaintiff. The plaintiff appeals. We reverse.

Section 7-201 (c) (2) of the Administrative Code of the City of New York provides, in relevant part, that "[n]o civil action shall be maintained against the city for . . . injury to person . . . sustained in consequence of any . . . sidewalk . . . including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation." "In order to hold the City liable for injuries resulting from defects in tree wells in [C]ity-owned sidewalks, a plaintiff must demonstrate that the City has received prior written notice of the defect" (*Donadio v City of New York*, 126 AD3d 851, 853 [2015]; *see* Administrative Code § 7-201 [c] [2]; *see also Morelli v Starbucks Corp.*, 107 AD3d 963 [2013]; *O'Donoghue v City of New York*, 100 AD3d 402, 402 [2012]; *Oliveri v Village of Greenport*, 93 AD3d 773, 774 [2012]; *Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1048 [2011]). However, for a municipality to demonstrate its prima facie entitlement to judgment as a matter of law dismissing a complaint on the basis that it lacked prior written notice of a defective condition,

it must submit evidence, such as an affidavit or deposition testimony, that it did not receive any such notice (*see* Administrative Code § 702-1 [c] [2]; *Poirier v City of Schenectady*, 85 NY2d 310, 313-314 [1995]; *Abramo v City of Mount Vernon*, 103 AD3d 760, 760 [2013]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]).

Here, the City failed to present any evidence that it did not receive prior written notice of the alleged defect (*see Abramo v City of Mount Vernon*, 103 AD3d at 760; *cf. Pallotta v City of New York*, 121 AD3d 656, 657 [2014]). As a result, the City failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, and, thus, its application should have been denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.