■ ROBERT BAKER, Appellant, v ST. CHRISTOPHER'S INN, INC., et al., Respondents. [29 NYS3d 439]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated September 8, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 26, 2010, at approximately 9:30 a.m., the plaintiff allegedly was injured when the roof of a maintenance shed located on premises owned by the defendants partially collapsed while the plaintiff was inside. A significant amount of snow had accumulated on the roof during the course of an ongoing snow storm. Thereafter, the plaintiff commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiff appeals.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Anderson v Landmark at Eastview, Inc.*, 129 AD3d 750, 751 [2015]; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799, 799 [2013]). "A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (*Rabinowitz v Marcovecchio*, 119 AD3d 762, 762 [2014]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence including the affidavit of a meteorologist, certified climatological data, and the affidavit of a licensed engineer. That evidence demonstrated that the roof of the shed partially collapsed due to the weight of the snow which had accumulated thereon, and that it was snowing at the time of the occurrence and, accordingly, that the storm in progress rule applies (*see Ryan v Taconic Realty Assoc.*, 122 AD3d 708, 709 [2014]; *Marchese v Skenderi*, 51 AD3d at 642). The burden then shifted to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of the accident (*see Meyers v Big Six Towers, Inc.*, 85 AD3d 877, 877-878 [2011]). The plaintiff failed to sustain this burden. Accordingly, the Supreme Court properly granted the defendants'

motion for summary judgment dismissing the complaint. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.