■ ROSIANNE BALAN, Appellant, v SEAN H. ROONEY, ESQ., Respondent. [61 NYS3d 29]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated May 25, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

Shortly after a snowstorm, when attempting to enter the building in which she lived, the plaintiff allegedly slipped on ice and was injured. Three days after the accident, the plaintiff consulted with and hired the defendant to represent her in an action against the property owner. The defendant failed to commence an action prior to the expiration of the statute of limitations. The plaintiff then commenced this action to recover damages for legal malpractice and breach of contract. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

To establish the required element of causation in a legal malpractice action, "a plaintiff must show that he or she would have prevailed in the underlying action . . . but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *see Detoni v McMinkens*, 147 AD3d 1018 [2017]). The only issue raised in the defendant's motion was whether the plaintiff could have prevailed in a personal injury action against the property owner.

"[A] landowner 'generally cannot be held liable for injuries

sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter' " (*Weller v Paul*, 91 AD3d 945, 947 [2012], quoting *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *see Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]). "However, once a landowner elects to engage in snow removal activities, it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d at 1177; *see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d at 546; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]).

Here, the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for legal malpractice on the ground that the plaintiff could not have prevailed in an action against the property owner. While the defendant demonstrated, prima facie, through certified meteorological data and the plaintiff's deposition testimony, that the accident occurred less than one hour after the snowstorm ceased, he did not eliminate triable issues of fact as to whether the property owner created or exacerbated a hazardous condition through negligent snow removal efforts (*see Anderson v Landmark at Eastview, Inc.*, 129 AD3d 750, 751 [2015]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d at 546-547; *Chaudhry v East Buffet & Rest.*, 24 AD3d at 494). In particular, in light of the plaintiff's deposition testimony, a triable issue of fact exists as to whether the property owner, upon clearing snow from a small portion of the premises, had left a pile of snow that the plaintiff had to "lift [her] leg" to "cross" over, causing her to slip and fall. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the legal malpractice cause of action should have been denied.

However, the Supreme Court properly awarded the defendant summary judgment dismissing the breach of contract cause of action as duplicative of the legal malpractice cause of action, since it arose "from the same facts as those underlying the legal malpractice cause of action, and [did] not allege distinct damages" (*Prott v Lewin & Baglio, LLP*, 150 AD3d 908, 910 [2017]; *see Balanoff v Doscher*, 140 AD3d 995, 996 [2016]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.