■ SHARI SCOTT, Respondent, v NORTH BELLMORE PUBLIC SCHOOL DISTRICT, Also Known as BOARD OF EDUCATION OF

Union Free School District No. 4, Appellant, et al., Defendant. [60 NYS3d 231]—

In an action to recover damages for personal injuries, the defendant North Bellmore Public School District, also known as Board of Education of Union Free School District No. 4, appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered October 24, 2016, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On December 18, 2013, at approximately 8:30 a.m., the plaintiff allegedly slipped and fell in a parking lot owned and operated by the defendant North Bellmore Public School District, also known as Board of Education of Union Free School District No. 4 (hereinafter the School District), as she was dropping off her children at school. The plaintiff commenced this action against the School District and another defendant, alleging negligence and personal injuries. The School District moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. While we affirm the order appealed from, we do so on a ground not relied upon by the Supreme Court.

Contrary to the School District's contention, it failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the plaintiff could not identify the cause of her fall (*see Drouillard v Smarr*, 136 AD3d 973 [2016]; *Pol v Gjonbalaj*, 125 AD3d 955, 956 [2015]; *Altinel v John's Farms*, 113 AD3d 709, 710 [2014]). A fair reading of the transcripts of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and at her deposition, both of which were submitted in support of the School District's motion, showed that she slipped on a sheet of ice just outside her vehicle in the subject parking lot.

The plaintiff testified at the section 50-h hearing and at her deposition that there was no evidence of any salt or sand in the parking lot when she fell, while a representative for the School District averred in his affidavit in support of the motion that the School District salted and sanded the subject parking lot around 6:00 a.m. on the morning of the accident. Since the plaintiff testified that there was no evidence of any salt or sand in the parking lot when she fell, the School District failed to eliminate triable issues of fact as to whether it created or

exacerbated a hazardous condition in the parking lot or whether it lacked constructive notice of the condition. Accordingly, its motion for summary judgment should have been denied (*see Chaudhry v East Buffet & Rest.*, 24 AD3d 493, 494 [2005]), regardless of the sufficiency of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Therefore, the Supreme Court properly denied the School District's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.