Morales v Davidson Apts., LLC (2018 NY Slip Op 00421)





Morales v Davidson Apts., LLC


2018 NY Slip Op 00421


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03209
 (Index No. 4749/15)

[*1]Luz Morales, respondent, 
v
Davidson Apartments, LLC, et al., appellants.


Babchik & Young, LLP, White Plains, NY (Thomas G. Connolly of counsel), for appellants.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac, Brianna Walsh, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 20, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice on a sidewalk abutting the defendants' premises in the Bronx. In her bill of particulars, the plaintiff alleged that she slipped and fell on a "longstanding condition of ice." The defendants moved for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court denied the motion, and the defendants appeal.
The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law based on the storm in progress rule. The evidence submitted by the defendants failed to establish that the ice upon which the plaintiff slipped was the result of an ongoing storm as opposed to an accumulation of ice from prior snowfalls (see McBryant v Pisa Holding Corp., 110 AD3d 1034, 1035-1036; Abramo v City of Mount Vernon, 103 AD3d 760, 761). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the evidence submitted by the plaintiff in opposition.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court