Zempoalteca v Ginsberg (2018 NY Slip Op 02193)





Zempoalteca v Ginsberg


2018 NY Slip Op 02193


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-04979
 (Index No. 504763/14)

[*1]Fevmin Zempoalteca, respondent, 
v
Bonnie Ginsberg, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Mikhail Pinkusovich of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 21, 2017, which denied their motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In the afternoon of January 10, 2014, the plaintiff allegedly sustained personal injuries when he slipped and fell on ice on a sidewalk abutting the defendants' property in Brooklyn. Thereafter, the plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court denied the motion, and the defendants appeal.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted transcripts of the deposition testimony of the plaintiff and the defendant Robert Ginsberg, who gave conflicting testimony as to the weather conditions at the approximate time of the accident. Moreover, the climatological data gathered from nearby areas was insufficient to demonstrate, prima facie, that the storm in progress rule applied (see Yassa v Awad, 117 AD3d 1037, 1038; Abramo v City of Mount Vernon, 103 AD3d 760, 761; Buroker v Country View Estate Condominium Assn., Inc., 54 AD3d 795; Lotenberg v Long Is. R.R., 34 AD3d 435). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court