Blair v Loduca (2018 NY Slip Op 05744)





Blair v Loduca


2018 NY Slip Op 05744


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-07213
 (Index No. 501152/13)

[*1]Lyn Blair, respondent-appellant, 
v
Peter P. Loduca, et al., appellants-respondents.


Harold Solomon, Rockville Centre, NY (Bernard G. Chambers of counsel), for appellants-respondents.
Weintraub LLC, New York, NY (Yosef Y. Weintraub of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 16, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the cross appeal by the plaintiff is dismissed as abandoned and, in any event, on the ground that the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendants, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2008, the plaintiff, who was a security guard for an apartment building, allegedly was injured when she slipped and fell on ice outside the building during a snowstorm. A few months later, she retained the defendants to prosecute an action to recover damages for her personal injuries (hereinafter the underlying action). The Supreme Court granted a motion by the defendant in the underlying action pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction over that defendant, a limited liability company which was formally dissolved in 2007 and did not own the building at the time of the accident. Subsequently, the plaintiff commenced this action against the defendants, alleging that they committed legal malpractice in the underlying action by suing the wrong defendant and by doing so just before the expiration of the statute of limitations, despite having been retained by the plaintiff shortly after the accident.
After discovery in this action, the defendants moved for summary judgment dismissing the complaint on the basis that the underlying action was not viable due to, among other things, the storm in progress rule. The Supreme Court denied the motion, finding that triable issues of fact existed as to whether the property owner created or exacerbated the dangerous condition that allegedly caused the plaintiff's accident. The defendants appeal.
"To establish the required element of causation in a legal malpractice action, a plaintiff must show that he or she would have prevailed in the underlying action . . . but for the lawyer's negligence'" (Balan v Rooney, 152 AD3d 733, 733, quoting Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; see Detoni v McMinkens, 147 AD3d 1018). The only issue raised in the defendants' motion for summary judgment was whether the plaintiff could have prevailed in the underlying action against the property owner.
In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Martino v Patmar Props., Inc., 123 AD3d 890, 890; Kruger v Donzelli Realty Corp., 111 AD3d 897; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839; Meyers v Big Six Towers, Inc., 85 AD3d 877). "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734; Dumela-Felix v FGP W. St., LLC, 135 AD3d 809, 810; McCurdy v Kyma Holdings, LLC, 109 AD3d 799, 799; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840; Weller v Paul, 91 AD3d 945, 947; Mazzella v City of New York, 72 AD3d 755, 756). If a storm is ongoing, and a property owner elects to remove snow, the owner must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm (see Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177; Petrocelli v Marrelli Dev. Corp., 31 AD3d 623; Salvanti v Sunset Indus. Park Assoc., 27 AD3d 546; Chaudhry v East Buffet & Rest., 24 AD3d 493). In such an instance, that property owner, if moving for summary judgment in a slip-and-fall case, must demonstrate in support of his or her motion that the snow removal efforts he or she undertook neither created nor exacerbated the allegedly hazardous condition which caused the injured plaintiff to fall (see Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d at 1177).
In support of their motion for summary judgment dismissing the complaint in this action, the defendants submitted the plaintiff's deposition testimony, the deposition testimony of the building's doorman, the affidavit of a meteorologist, and certified climatological data. These submissions demonstrated that a storm was in progress at the time of the accident, that there was no preexisting ice on the ground when the storm commenced, and that the property owner did not create or exacerbate the allegedly dangerous condition created by the storm in progress (see Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d at 1177; Ali v Village of Pleasantville, 95 AD3d 796, 797). Since the defendants made a prima facie showing that the storm in progress rule applied to the underlying action, the burden shifted to the plaintiff to show that something other than the precipitation from the storm in progress caused the accident (see Baker v St. Christopher's Inn, Inc., 138 AD3d 652, 653; Burniston v Ranric Enters. Corp., 134 AD3d 973, 974; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877-878; Alers v La Bonne Vie Org., 54 AD3d 698, 699). The plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint because the plaintiff could not have prevailed in the underlying action against the property owner (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Balan v Rooney, 152 AD3d at 733; Detoni v McMinkens, 147 AD3d at 1018).
In light of our determination, we need not address the defendants' remaining contention.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court