In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated April 13, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell on ice in front of the defendant’s residence at 8:15 a.m. on the morning of February 11, 2010. The defendant testified at his deposition that during the evening of February 10, 2010, he shoveled the sidewalk in front of his house for about an hour between the hours of 5:00 p.m. and 8:00 p.m., and when he was done he salted the sidewalk to prevent the formation of ice. However, additional snow accumulated later that night.
The defendant moved for summary judgment based on the “storm in progress” rule. In support of his motion, he offered evidence that it did not stop snowing until around midnight on February 10, 2010, and contended that the accident occurred before he had a reasonable time after the cessation of the storm to remove any additional snow or ice that had accumulated after his initial snow removal efforts. In opposition, the plaintiff argued that the defendant had failed to establish that the snow removal efforts he undertook on the evening of February 10, *618 2010, did not cause, create, or exacerbate the dangerous condition which caused the accident. In support of his position, the plaintiff relied on an unsworn expert’s report, which concluded that by shoveling snow from the sidewalk in front of his residence, the defendant exposed ice which had formed underneath the snow. The Supreme Court granted the defendant’s motion, concluding that the accident occurred before the defendant had an adequate amount of time to remedy any hazardous snow and ice condition caused by the storm.
“Under the so-called ‘storm in progress’ rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm” (Marchese v Skenderi, 51 AD3d 642, 642 [2008]; see Solazzo v New York City Tr. Auth., 6 NY3d 734 [2005]; McCurdy v KYMA Holdings, LLC, 109 AD3d 799 [2d Dept 2013]; Smith v Christ’s First Presbyt. Church of Hempstead, 93 AD3d 839, 840 [2012]). A person responsible for maintaining property is not under a duty to remove ice and snow until a reasonable time after the cessation of the storm (see Mandel v City of New York, 44 NY2d 1004 [1978]; Drake v Prudential Ins. Co., 153 AD2d 924 [1989]). However, once a property owner elects to engage in snow removal activities, the owner must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm (see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524 [2012]; Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177 [2012]; Petrocelli v Marrelli Dev. Corp., 31 AD3d 623, 624 [2006]).
Here, the defendant’s deposition testimony established, prima facie, that he exercised reasonable care in undertaking snow removal efforts while the storm was still in progress on the evening of February 10, 2010, and that his efforts neither created a hazardous condition nor exacerbated a natural hazard created by the storm (see Smith v Hariri Realty Assoc., Inc., 109 AD3d 897 [2d Dept 2013]; Bi Chan Lin v Po Ying Yam, 62 AD3d 740, 741 [2009]; Kaplan v DePetro, 51 AD3d 730, 731 [2008]). The defendant also established, prima facie, that a reasonably sufficient time had not elapsed after the cessation of the storm to permit him to remove any additional snow or ice that had accumulated after his initial snow removal efforts (see McCurdy v KYMA Holdings, LLC, 109 AD3d at 800; Smith v Christ’s First Presbyt. Church of Hempstead, 93 AD3d at 839-840; Whitt v St. John’s Episcopal Hosp., 258 AD2d 648, 648-649 [1999]). In op *619 position, the plaintiff failed to submit evidence, in admissible form, to support his claim that an issue of fact exists as to whether the defendant’s snow removal efforts created or exacerbated the condition which caused the accident.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Leventhal, J.E, Roman, Miller and Hinds-Radix, JJ., concur.