In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 31, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff alleged that on January 29, 2009, between 3:00 a.m. and 3:15 a.m., she slipped and fell on a patch of ice on a walkway between the front steps and gate abutting the public sidewalk at her residence in Richmond Hill, which was a two-family home owned by the defendant.
A real property owner or person in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on his or her property only when the defendant created a dangerous condition or had actual or constructive notice thereof (see Simmons v Metropolitan Life Ins. Co., 84 NY2d 972 [1994]; Feola v City of New York, 102 AD3d 827 [2013]; Cody v DiLorenzo, 304 AD2d 705 [2003]; Voss v D&C Parking, 299 AD2d 346 [2002]). Although a defendant has no duty to remove snow during an ongoing storm, a defendant may be held liable where that party’s snow removal efforts create a hazardous condition or exacerbate a natural hazard created by the storm (see Cody v DiLorenzo, 304 AD2d at 705; Grillo v Brooklyn Hosp., 280 AD2d 452 [2001]; Rugova v 2199 Holland Ave. Apt. Corp., 272 AD2d 261 [2000]).
In this case, the defendant, at her deposition, admitted that about three days before the accident, she piled snow approximately one foot high on both sides of the walkway on which the plaintiff allegedly slipped and fell. In corroborating the defendant’s testimony in this regard, the plaintiff testified at her deposition that when she returned home on the day before the accident, snow was piled on both sides of the walkway. The defendant admitted at her deposition that on the day before the accident, it was warm and that she observed that the snow that was previously piled up on both sides of the walkway was melt *916 ing. The certified climatological data submitted on the defendant’s motion demonstrated that the temperature was above freezing from 8:30 a.m. on the day before the accident through 2:51 a.m. on the morning of the accident. At 2:51 a.m. on the morning of the accident, the temperature fell below freezing again and was below freezing when the accident occurred.
The defendant, as the property owner, failed to establish as a matter of law that her snow removal activities did not create the allegedly hazardous icy condition which resulted in the plaintiff’s injuries (see Braun v Weissman, 68 AD3d 797 [2009]). The defendant’s submissions failed to eliminate all triable issues of fact as to whether the ice upon which the plaintiff slipped was formed when snow piles created by the defendant’s snow removal efforts melted and refroze (see id.; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 667-668 [2007]; Caro v Skyline Terrace Coop., 132 AD2d 512, 513 [1987]; see also Smith v County of Orange, 51 AD3d 1006 [2008]; Ricca v Ahmad, 40 AD3d 728 [2007]; Knee v Trump Vil. Constr. Corp., 15 AD3d 545 [2005]).
Since the defendant failed to meet her burden as the moving party, it is not necessary to consider whether the papers in opposition to the motion were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 320 [1986]).
Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Dickerson, J.E, Chambers, Roman and Miller, JJ., concur.