■ CELINA BATISTA et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [987 NYS2d 888]—

In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated May 8, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff Celina Batista (hereinafter the injured plaintiff) allegedly slipped and fell on a patch of snow on a sidewalk abutting certain premises owned by the defendant New York City Housing Authority (hereinafter the Housing Authority). As a result, the injured plaintiff and her husband, suing derivatively, commenced this action against, among others, the Housing Authority. Snow had fallen overnight, and the accident occurred at about 7:50 a.m. The Housing Authority's employees were engaged in snow removal activities at the time of the accident. The injured plaintiff alleged that snow had stopped falling when she left her house at 7:00 a.m., while the Housing Authority employee who plowed the sidewalk prior to the accident alleged that precipitation continued to fall until 9:00 a.m.

"Under the 'storm in progress' rule, a property owner will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm 'until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm' " (*Popovits v New York City Hous. Auth.*, 115 AD3d 657, 658 [2014], quoting *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Marchese v Skenderi*, 51 AD3d 642 [2008]). "However, once a property owner elects to engage in snow removal activities, the owner must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]).

The Housing Authority established, prima facie, that at the time of the accident, reasonably sufficient time had not elapsed after the cessation of the storm to permit it to remedy the allegedly dangerous condition prior to the subject accident (*see Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659 [2014]; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799, 800 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]; *Brandon v Hallivis*, 67 AD3d 618, 619 [2009]). Furthermore, the Housing Authority established, prima facie, that its ongoing snow removal activities did not create a hazard-

ous condition or exacerbate a natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *Rodriguez v New York City Hous. Auth.*, 52 AD3d 299 [2008]; *Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463-464 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the Housing Authority's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.