■ Salim Talamas, Appellant, v Metropolitan Transportation Authority et al., Respondents. [993 NYS2d 102]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered January 31, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when he slipped and fell on black ice on an elevated train platform that was exposed to the elements. The plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that they could not be held liable for the plaintiff's injuries since a storm was in progress at the time of the accident, and their efforts to keep the station platform free from snow and ice during an ongoing storm did not create or exacerbate the natural hazard presented by the storm. The Supreme Court granted the motion.

A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow and ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (*see Huan Nu Lu v New York City Tr. Auth.*, 113 AD3d 818 [2014]; *McBryant v Pisa Holding Corp.*, 110 AD3d 1034 [2013]). "Under the 'storm in progress' rule, a property owner will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm 'until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm' " (*Popovits v New York City Hous. Auth.*, 115 AD3d 657, 658 [2014], quoting *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Marchese v Skenderi*, 51 AD3d 642 [2008]). "However, once a property owner elects to engage in snow removal activities, the owner must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]).

Here, the evidence submitted by the defendants in support of their motion for summary judgment, including certified climatological data and transcripts of the deposition testimony of the parties, demonstrated, prima facie, that a storm was in

progress at the time of the accident (*see Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]; *Skouras v New York City Tr. Auth.*, 48 AD3d 547 [2008]; *DeStefano v City of New York*, 41 AD3d 528 [2007]). Furthermore, the defendants established, prima facie, that their efforts to remove snow and ice from the platform did not create a hazardous condition or exacerbate the natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 617; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799 [2013]; *Kaplan v DePetro*, 51 AD3d 730 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that he slipped and fell on old ice that was the product of a prior storm is speculative (*see Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839 [2012]; *DeVito v Harrison House Assoc.*, 41 AD3d 420 [2007]; *Small v Coney Is. Site 4A-1 Houses, Inc.*, 28 AD3d 741 [2006]).

On appeal, the plaintiff contends that the transcripts of the hearing conducted pursuant to Public Authorities Law § 1276 (4) and the transcript of her deposition testimony, as well as the transcript of the deposition of the defendants' witness, are not in admissible form, and that, accordingly, the Supreme Court should not have considered them in connection with the defendants' motion for summary judgment. This contention, improperly raised for the first time on appeal, is not properly before this Court (*see Perez v City of New York*, 104 AD3d 661 [2013]; *Marinkovic v IPC Intl. of Ill.*, 95 AD3d 839 [2012]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.