■ Tamara Arashkovitch, Respondent, v City of New York et al., Respondents, and Miriam Greenberg et al., Appellants. [1 NYS3d 132]—

In an action to recover damages for personal injuries, the defendants Miriam Greenberg and Sheldon Greenberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered September 27, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants to the plaintiff and the defendant City of New York.

Homeowners of single-family homes that are owner-occupied, such as the appellants, are exempt from liability imposed pursuant to section 7-210 (b) of the Administrative Code of the City of New York for negligent failure to remove snow and ice from the abutting public sidewalk. However, they can be held liable where they, or someone on their behalf, undertook snow and ice removal efforts which made the natural conditions more hazardous (*see Roger v Homestead Renovations, LLC*, 119 AD3d 668, 668-669 [2014]; *Lee v Ilyasov*, 95 AD3d 1205, 1205-1206 [2012]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]). "A property owner that elects to engage in snow removal activities must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by a storm" (*Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789 [2014]; *see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]).

Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law, since, contrary to their contention on their motion, they failed to demonstrate that their snow removal efforts, which were undertaken prior to the accident, did not create or exacerbate the icy condition which allegedly caused the plaintiff to slip and fall (*see Viera v Rymdzionek*, 112 AD3d 915, 916 [2013]; *Lee v Ilyasov*, 95 AD3d at 1205; *Schwint v Bank St. Commons, LLC*, 74 AD3d at 1313-1314; *Robles v City of New York*, 56 AD3d 647, 648 [2008]). Since the appellants failed to satisfy their prima facie burden, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.