■ MARGARET HARMITT, Appellant, v RIVERSTONE ASSOCIATES, Also Known as RIVERSTONE ASSOCIATES, LLC, Respondent. [1 NYS3d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated September 25, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when she slipped and fell on a mound of snow on the sidewalk abutting the defendant's premises. The plaintiff, who had just crossed the street, was attempting to climb over this mound of snow to enter the defendant's premises when the incident occurred. The plaintiff commenced this action against the defendant, alleging that the mound had been created by the defendant's snow removal efforts. The defendant moved for summary judgment, contending that the storm in progress rule applied, and the Supreme Court granted the motion.

"Under the 'storm in progress' rule, a property owner will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm 'until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm' " (*Popovits v New York City Hous. Auth.*, 115 AD3d 657, 658 [2014], quoting *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Marchese v Skenderi*, 51 AD3d 642 [2008]). "However, once a property owner elects to engage in snow removal activities, the owner must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]).

Here, the defendant failed to establish, prima facie, that it was entitled to judgment as a matter of law dismissing the complaint based on the storm in progress rule. In support of the motion, the defendant failed to submit evidence sufficient to demonstrate that it did not engage in any snow removal work while the snow was falling and that it did not create the alleged hazardous condition that proximately caused the plaintiff to fall (*see generally Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*,

97 AD3d 524 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]). The defendant could not satisfy its initial burden as the movant for summary judgment merely by pointing to gaps in the plaintiff's case (*see generally Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620 [2011]; *Martinez v Khaimov*, 74 AD3d 1031 [2010]). Since the defendant did not sustain its prima facie burden, we need not consider the adequacy of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.