■ Koh Chong Wong, Appellant, v Dionysios H. Kontonis et al., Respondents. [9 NYS3d 652]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), entered June 18, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he slipped and fell on a patch of ice on the sidewalk in front of the defendants' property. He commenced this action against the defendants and, after discovery was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Rabinowitz v Marcovecchio*, 119 AD3d 762 [2014]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]). However, even if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]; *Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]).

Here, the defendants' deposition testimony and the affidavit of their meteorological expert established their prima facie entitlement to judgment as a matter of law by demonstrating that there was a storm in progress at the time of the plaintiff's accident, and that their efforts to prevent ice accumulation by applying salt or ice melt at approximately 9:30 p.m. neither created a hazardous condition nor exacerbated a natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' ice prevention efforts created a hazardous condition or exacerbated a natural hazard created by the storm (*see Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618; *Bi Chan Lin v Po Ying Yam*, 62 AD3d at 741).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.