■ PETER LINDQUIST, Appellant, v ANTHONY SCARFOGLIERO et al., Respondents. [11 NYS3d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 6, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on ice on a sidewalk

in Brooklyn, which was adjacent to property then owned by the defendants. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

Contrary to the conclusion of the Supreme Court, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. A property owner who undertakes snow removal efforts during an ongoing storm must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by a storm (see Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618 [2013]; Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524 [2012]; Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177 [2012]). Here, the defendants failed to establish that snow removal efforts they undertook on the sidewalk adjacent to their property, prior to the accident, neither created nor exacerbated the allegedly hazardous icy condition which caused the plaintiff's accident. In this respect, the defendants' evidence failed to eliminate triable issues of fact as to whether the ice upon which the plaintiff allegedly slipped was formed when snow piled up or left on the sidewalk by the defendants' snow removal efforts melted and refroze (see Viera v Rymdzionek, 112 AD3d 915 [2013]; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666 [2007]).

Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.