■ Osei Harper Anderson, Appellant, v Landmark at Eastview, Inc., et al., Respondents. [10 NYS3d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hubert, J.), entered June 23, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On January 28, 2009, the plaintiff was traversing a walkway on commercial property located at 777 Old Saw Mill River Road in Tarrytown, when he allegedly slipped and fell on ice after stepping over a small mound of snow thereon.

" 'A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence' " (*Haberman v Meyer*, 120 AD3d 1301, 1301 [2014], quoting *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Cruz v Rampersad*, 110 AD3d 669, 669 [2013]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569, 569 [2007]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]; *Weller v Paul*, 91 AD3d 945, 947 [2012]). However, if a storm is ongoing, and a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm (*see Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]; *Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]). In such an instance, a property owner moving for summary judgment in a slip-and-fall case must demonstrate, in support of its motion, that the snow removal efforts it undertook neither created nor exacerbated the allegedly hazardous condition which caused the plaintiff to fall (*see Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d at 1177).

The defendants failed to establish, prima facie, that the snow removal efforts undertaken by their nonparty snow removal contractor on their behalf did not create the allegedly hazardous icy condition which resulted in the plaintiff's injuries (*see Ferguson v Shu Ham Lam*, 74 AD3d 870, 871-872 [2010]; *Amendolace v City of New York*, 2 AD3d 659, 660 [2003]; *see also Viera v Rymdzionek*, 112 AD3d 915 [2013]; *Frank v CPG Partners, L.P.*, 96 AD3d 900, 901 [2012]; *Braun v Weissman*, 68 AD3d 797 [2009]). Since the defendants failed to meet their burden as the moving party in this case, the Supreme Court should have denied their motion, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.