■ STEPHANIE DeMONTE, Appellant, v CHESTNUT OAKS AT CHAPPAQUA, Also Known as CHAPPAQUA MEWS CONDOMINIUM, et al., Defendants/Third-Party Plaintiffs-Respondents. HUDSON

VALLEY LANDSCAPE DESIGN, INC., Third-Party Defendant-Respondent. [20 NYS3d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hubert, J.), dated March 25, 2014, which granted the cross motion of the defendants/third-party plaintiffs for summary judgment dismissing the complaint and denied, as academic, the motion of the third-party defendant for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the appeal from so much of the order as denied, as academic, the motion of the third-party defendant for summary judgment dismissing the complaint and the third-party complaint is dismissed, as the plaintiff is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the cross motion of the defendants/third-party plaintiffs for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the defendants/third-party plaintiffs-respondents and the third-party defendant-respondent appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries when she slipped and fell on ice in the parking lot of the condominium complex in Chappaqua where she resided. The plaintiff commenced this action against Chestnut Oaks at Chappaqua, the owner of the condominium complex, and Barhite & Holzinger, Inc. (hereinafter together the Chestnut Oaks defendants), the managing agent, who together subsequently commenced a third-party action against Hudson Valley Landscape Design, Inc. (hereinafter Hudson Valley), the company responsible for snow removal at the condominium complex. Hudson Valley moved for summary judgment dismissing the complaint and the third-party complaint, and the Chestnut Oaks defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the cross motion and denied the motion as academic.

As the proponents of a motion for summary judgment, the Chestnut Oaks defendants had the burden of establishing, prima facie, that they neither created the ice condition nor had actual or constructive notice of the condition (*see Anderson v*

*Landmark at Eastview, Inc.*, 129 AD3d 750, 751 [2015]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877, 877 [2011]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Anderson v Landmark at Eastview, Inc.*, 129 AD3d at 751; *Popovits v New York City Hous. Auth.*, 115 AD3d 657, 658 [2014]). A person responsible for maintaining property is not under a duty to remove ice and snow until a reasonable time after the cessation of the storm (*see Mandel v City of New York*, 44 NY2d 1004, 1005 [1978]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Drake v Prudential Ins. Co.*, 153 AD2d 924, 924 [1989]). However, if a storm is ongoing, and a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating or exacerbating a natural hazard created by the storm (*see Anderson v Landmark at Eastview, Inc.*, 129 AD3d at 751; *Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789 [2014]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d at 618). In such an instance, a property owner moving for summary judgment in a slip and fall case must demonstrate in support of its motion that the snow removal efforts it undertook neither created nor exacerbated the allegedly hazardous condition which caused the injured plaintiff to fall (*see Anderson v Landmark at Eastview, Inc.*, 129 AD3d at 751; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]).

In this case, the Chestnut Oaks defendants failed to make a prima facie showing that the snow removal efforts undertaken by Hudson Valley during the storm did not create the allegedly hazardous icy condition which resulted in the plaintiff's injuries (*see Viera v Rymdzionek*, 112 AD3d 915, 916 [2013]; *Braun v Weissman*, 68 AD3d 797, 798 [2009]). Since the Chestnut Oaks defendants failed to meet their burden on their cross motion, the Supreme Court should have denied the cross motion, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lindquist v Scarfogliero*, 129 AD3d 789 [2015]; *Harmitt v Riverstone Assoc.*, 123 AD3d 1089, 1090 [2014]; *Arashkovitch v City of New York*, 123 AD3d 853, 854 [2014]; *Viera v Rymdzionek*, 112 AD3d at 916). Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.