■ JOHN MORRIS et al., Respondents, v HOME DEPOT USA, Defendant/Third-Party Plaintiff-Appellant. J & J BUILDING MAINTENANCE, INC., Third-Party Defendant-Respondent. [59 NYS3d 92]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 8, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint and its cross motion, in effect, for summary judgment on the third-party complaint, and granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On January 19, 2004, John Morris (hereinafter the injured plaintiff), an electrician for a nonparty subcontractor, allegedly slipped and fell on frozen snow and ice while walking in the parking lot of a Home Depot store under construction. The injured plaintiff, and his wife suing derivatively, commenced this action against Home Depot, USA (hereinafter Home Depot), to recover damages for, inter alia, personal injuries. After joinder of issue, Home Depot commenced a third-party action against J & J Building Maintenance, Inc. (hereinafter J & J), its snow removal contractor, seeking contractual indemnification, and common-law indemnification and contribution. The Supreme Court denied that branch of Home Depot's motion which was for summary judgment dismissing the complaint and its cross motion, in effect, for summary judgment on the third-party complaint. The court also granted that branch of J & J's motion which was for summary judgment dismissing the third-party complaint. Home Depot appeals.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Rabinowitz v Marcovecchio*, 119 AD3d 762 [2014]). However, if a storm is ongoing, and a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating or exacerbating a natural hazard created by the storm (*see Anderson v Landmark at Eastview, Inc.*, 129 AD3d 750, 751 [2015]; *Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789 [2014]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]). In such an instance, a property owner moving for summary judgment in a slip-and-fall case must demonstrate, in support of its motion, that the snow removal efforts it undertook neither created nor exacerbated the allegedly hazardous condition which caused the injured plaintiff to fall (*see DeMonte v Chestnut Oaks at Chappaqua*, 134 AD3d 662, 664 [2015]; *Anderson v Landmark at Eastview, Inc.*, 129 AD3d at 751; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177, 1177 [2012]).

Here, Home Depot failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that there was a storm in progress at the

time of the injured plaintiff's accident or that it did not have a reasonable opportunity after the cessation of the storm to remedy the allegedly dangerous condition (*see Valentine v City of New York*, 57 NY2d 932, 933-934 [1982]; *Rusin v City of New York*, 133 AD3d 648 [2015]; *Fenner v 1011 Rte. 109 Corp.*, 122 AD3d 669 [2014]). The climatological data submitted by Home Depot showed that there was an accumulation of about three inches of snow, which had ceased to fall by 7:00 p.m. on January 18, 2004, about 12 hours prior to the accident, and that the temperature dropped to below freezing by 9:00 p.m., about 10 hours prior to the accident, and remained below freezing through the time of the accident. Thus, Home Depot failed to establish, prima facie, that it did not have a reasonable time to ameliorate the snow and ice condition in the parking lot (*see Valentine v City of New York*, 57 NY2d 932 [1982]). Home Depot also failed to establish, prima facie, that it did not engage in any snow removal work during the storm or that the snow removal efforts undertaken by J & J on its behalf on January 18, 2004, did not create the allegedly hazardous icy condition which resulted in the injured plaintiff's injuries (*see DeMonte v Chestnut Oaks at Chappaqua*, 134 AD3d at 664; *Viera v Rymdzionek*, 112 AD3d 915, 916 [2013]; *Braun v Weissman*, 68 AD3d 797, 798 [2009]). Home Depot could not satisfy its initial burden as the movant for summary judgment merely by pointing to gaps in the plaintiffs' case (*see generally Harmitt v Riverstone Assoc.*, 123 AD3d 1089, 1091 [2014]; *Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620 [2011]; *Martinez v Khaimov*, 74 AD3d 1031 [2010]). Since Home Depot failed to meet its burden on its motion for summary judgment, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lindquist v Scarfogliero*, 129 AD3d 789 [2015]; *Harmitt v Riverstone Assoc.*, 123 AD3d at 1090; *Arashkovitch v City of New York*, 123 AD3d 853, 854 [2014]; *Viera v Rymdzionek*, 112 AD3d at 916).

The Supreme Court also properly denied Home Depot's cross motion, in effect, for summary judgment on the third-party complaint. To sustain its third-party cause of action for contribution, Home Depot was required to show that J & J owed it a duty of reasonable care independent of its contractual obligations (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677 [2010]; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]; *cf. Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [1992]), or that a duty was owed to the plaintiffs

as injured parties and that a breach of this duty contributed to the alleged injuries (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 125 AD2d 754, 756 [1986], *affd* 71 NY2d 599 [1988]; *Baratta v Home Depot USA*, 303 AD2d 434 [2003]). J & J's snow and ice removal obligation was not a comprehensive and exclusive property maintenance obligation intended to displace Home Depot's duty to safely maintain its property (*see Dorestant v Snow, Inc.*, 274 AD2d 542, 543 [2000]; *Bugiada v Iko*, 274 AD2d 368, 368-369 [2000]; *Riekers v Gold Coast Plaza*, 255 AD2d 373 [1998]). Nor did Home Depot submit any evidence establishing that the plaintiffs detrimentally relied upon J & J's continued performance of its snow removal obligations or that J & J's actions advanced to such a point as to have launched a force or instrument of harm (*see Bugiada v Iko*, 274 AD2d at 369; *Bourk v National Cleaning*, 174 AD2d 827, 828 [1991]). Since Home Depot failed to establish, prima facie, an independent duty owed to it by J & J, or a duty J & J owed to the plaintiffs, the Supreme Court properly denied that branch of Home Depot's cross motion which was for summary judgment on the third-party cause of action seeking contribution (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675 [2010]).

With respect to contractual indemnification, a party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Goodlow v 724 Fifth Ave. Realty, LLC*, 127 AD3d 1138, 1140 [2015]; *Desena v North Shore Hebrew Academy*, 119 AD3d 631, 636 [2014]; *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*Goodlow v 724 Fifth Ave. Realty, LLC*, 127 AD3d at 1140; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Roldan v New York Univ.*, 81 AD3d at 628). Here, Home Depot failed to establish, prima facie, a promise by J & J to indemnify it.

With respect to common-law indemnification, "[i]ndemnity . . . involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss" (*County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 46-47 [1984], *affd* 66 NY2d 642 [1985]). Where, as here, the right to indemnification is not expressly provided by the parties' contract, the right may be implied by law to prevent an unfair result or the unjust enrichment of one party at the expense of the other (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *County of Westchester v Welton Becket*

*Assoc.*, 102 AD2d at 47). To sustain a cause of action for common-law indemnification, the party seeking indemnity must prove not only that it was not negligent, but must also prove that the proposed indemnitor's negligence contributed to the cause of the accident (*see Mikelatos v Theofilaktidis*, 105 AD3d 822, 824 [2013]). Here, Home Depot failed to establish, prima facie, that it did not create the dangerous condition that allegedly caused the injured plaintiff's accident and did not have actual or constructive notice of that condition (*see Chilinski v LMJ Contr., Inc.*, 137 AD3d 1185, 1187 [2016]). Accordingly, Home Depot failed to demonstrate, prima facie, that it was not negligent in connection with the injured plaintiff's accident, and the Supreme Court properly denied that branch of its motion which was for summary judgment on its third-party cause of action for common-law indemnification (*see Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 845 [2014]; *Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 767, 770 [2014]; *Mikelatos v Theofilaktidis*, 105 AD3d at 824).

J & J established its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contribution by demonstrating that it did not owe a duty of reasonable care independent of its contractual obligations, or a duty of reasonable care to the plaintiffs (*see Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 678 [2008]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]; *Baratta v Home Depot USA*, 303 AD2d at 435; *Phillips v Young Men's Christian Assn.*, 215 AD2d at 827). J & J additionally established its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification by demonstrating that the injured plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Roach v AVR Realty Co., LLC*, 41 AD3d at 824; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457 [2001]; *Keshavarz v Murphy*, 242 AD2d 680 [1997]). J & J also established its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification by demonstrating that it did not have a contractual obligation to indemnify Home Depot (*see Del Vecchio v Danielle Assoc., LLC*, 108 AD3d 583, 586 [2013]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]). In opposition, Home Depot failed to raise a triable issue of fact. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.