■ ALEX BRADSHAW, Appellant, v PEL 300 ASSOCIATES et al., Respondents. [59 NYS3d 90]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, West-

chester County (Wood, J.), entered March 1, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he slipped and fell on a patch of ice on a walkway on the defendants' property. The plaintiff commenced this action sounding in negligence against the defendants, and the defendants moved for summary judgment dismissing the complaint, arguing that a storm was in progress at the time of the accident, and that their ice removal efforts did not create or exacerbate the condition that allegedly caused the plaintiff to slip and fall. The Supreme Court granted the motion and the plaintiff appeals.

" 'Under the so-called storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm' " (*Koh Chong Wong v Kontonis*, 128 AD3d 1019, 1020 [2015], quoting *Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Fernandez v City of New York*, 125 AD3d 800, 801 [2015]; *Yassa v Awad*, 117 AD3d 1037, 1038 [2014]). "However, even if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Koh Chong Wong v Kontonis*, 128 AD3d at 1020; *Yassa v Awad*, 117 AD3d at 1038).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting their deposition testimony and certified weather reports, which demonstrated that there was a storm in progress at the time of the plaintiff's accident, and that their efforts to prevent ice accumulation neither created a hazardous condition nor exacerbated a natural hazard created by the storm (*see Koh Chong Wong v Kontonis*, 128 AD3d at 1020; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' ice prevention efforts created a hazardous condition or exacerbated a natural hazard created by the storm (*see Koh Chong Wong v Kontonis*, 128 AD3d at 1020; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618-619 [2013]). The plaintiff also failed to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where he allegedly fell that existed prior to the storm, as opposed to precipita-

tion from the storm in progress (*see Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 878).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Austin and Barros, JJ., concur.