Amato v Brookhaven Professional Park Ltd. Partnership (2018 NY Slip Op 03952)





Amato v Brookhaven Professional Park Ltd. Partnership


2018 NY Slip Op 03952


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-07445
 (Index No. 12351/14)

[*1]Pegeen R. Amato, respondent, 
v
Brookhaven Professional Park Limited Partnership, appellant.


Patrick J. Crowe, Melville, NY, for appellant.
Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 3, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On February 3, 2014, at approximately 3:45 p.m., the plaintiff allegedly slipped and fell due to an accumulation of snow and ice in a parking lot owned by the defendant. She commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendant appeals.
Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; De Chica v Saldana, 153 AD3d 782; Dumela-Felix v FGP W. St., LLC, 135 AD3d 809).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence, including the plaintiff's own deposition testimony, demonstrating that a storm was in progress at the time of the subject accident (see Bradshaw v PEL 300 Assocs., 152 AD3d 635, 636; Scarlato v Town of Islip, 135 AD3d 738, 739; Burniston v Ranric Enters. Corp., 134 AD3d 973, 973-974). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the plaintiff allegedly fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had actual or constructive notice of such a condition (see Butler v Roman Catholic Diocese of Rockville Ctr., 123 AD3d 868, 869; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 993-994; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court