Yeung v Selfhelp (KIV) Assoc., L.P. (2019 NY Slip Op 01558)





Yeung v Selfhelp (KIV) Assoc., L.P.


2019 NY Slip Op 01558


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-10874
 (Index No. 701954/15)

[*1]Cho Lun Yeung, et al., appellants, 
v
Selfhelp (KIV) Associates, L.P., et al., respondents.


Jeffrey Kim, P.C., Bayside, NY (Stephen E. Kwan of counsel), for appellants.
KL Rotondo & Associates, LLP, Rye, NY (Kathi Libby Rotondo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered October 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On February 17, 2015, the plaintiff Cho Lun Yeung (hereinafter the injured plaintiff) allegedly was cleaning snow off his vehicle, which was parked in an outdoor parking lot located at premises where he resided, when he slipped and fell on ice under the snow at the rear of his vehicle. It is undisputed that at the time of the accident, the defendant Selfhelp (KIV) Associates, L.P., owned the premises and the defendant Douglas Elliman Property Management managed the premises. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants, alleging, inter alia, that the defendants created a dangerous condition.
After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion on the ground that "official weather reports" indicated that a storm was in progress at the time of the accident. The plaintiffs appeal.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Haberman v Meyer, 120 AD3d 1301; Cruz v Rampersad, 110 AD3d 669; Olivieri v GM Realty Co., LLC, 37 AD3d 569). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). A person responsible for maintaining property is not under a duty to remove snow and ice until a reasonable time after cessation of the storm (see Mandel v City of New York, 44 NY2d 1004, 1005; Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618; Drake v Prudential Ins. Co., 153 AD2d 924). If a storm is ongoing, and the owner elects to do snow removal while the storm is ongoing, it must do so with due care so as not to exacerbate a [*2]natural hazard (see DeMonte v Chestnut Oaks at Chappaqua, 134 AD3d 662, 664; Anderson v Landmark at Eastview, Inc., 129 AD3d 750; Gwinn v Christina's Polish Rest., Inc., 117 AD3d 789).
The injured plaintiff testified at his deposition that it was not snowing when he exited his apartment at approximately 9:00 a.m. on the date of the incident. He further testified that in the half hour before he left his apartment, he observed the defendants' employees using a snow blower and shovels to clear the premises, including the parking lot. The injured plaintiff's wife testified at her deposition that all of the parking lot except the area surrounding their vehicle was clear of snow immediately after the accident occurred. She claimed that the defendants were responsible for snow removal.
Thus, the evidence submitted by the defendants indicated that the storm may not have been in progress when the accident occurred. Further, the defendants failed to establish, prima facie, that they engaged in snow removal activities with reasonable care, and, assuming they engaged in snow removal activities while the storm was still in progress, that they avoided creating a hazardous condition or exacerbated a natural hazard created by the storm, which caused the injured plaintiff to fall.
Since the defendants failed to sustain their prima facie burden, we need not consider the adequacy of the plaintiffs' submissions in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court