Rivera v New York City Health & Hosp. Corp. (2019 NY Slip Op 02368)





Rivera v New York City Health & Hosp. Corp.


2019 NY Slip Op 02368


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-03373
 (Index No. 503144/15)

[*1]Elia Rivera, appellant, 
v
New York City Health and Hospital Corporation, et al., respondents.


Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Dona B. Morris of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 10, 2014, at 11:30 a.m., the plaintiff slipped and fell on an allegedly excessive amount of rock salt on a walkway as she was exiting the defendant Woodhull Hospital (hereinafter the hospital) in Brooklyn. The plaintiff recalled that as she was exiting the hospital, she observed ice and rock salt on the entire width of the walkway, took three or four steps on the walkway, and suddenly fell. According to the plaintiff, when she arrived at the hospital around 8:30 to 9:00 that morning, there was no ice or salt on the walkway.
The plaintiff commenced this action to recover damages for personal injuries against the defendants, the hospital and the alleged owners and operators of the hospital, for negligently maintaining the subject walkway. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
The evidence submitted in support of the defendants' motion, which included, inter alia, a transcript of the plaintiff's deposition testimony and certified climatological data, established the defendants' prima facie entitlement to judgment as a matter of law by demonstrating that there was a storm in progress at the time of the plaintiff's accident, and that the defendants' efforts to prevent ice accumulation by applying salt or ice melt prior to the accident neither created a hazardous condition nor exacerbated a natural hazard created by the storm (see Koh Chong Wong v Kontonis, 128 AD3d 1019, 1020; Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the application of the rock salt created a dangerous condition or exacerbated the ice condition created by the storm (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's determination to grant the [*2]defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court