Coreano v 983 Tenants Corp. (2021 NY Slip Op 00289)





Coreano v 983 Tenants Corp.


2021 NY Slip Op 00289


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-08125
 (Index No. 514351/15)

[*1]Edwin Coreano, et al., respondents,
v
983 Tenants Corp., appellant.


Dorf & Nelson LLP, Rye, NY (Jill W. Laurence of counsel), for appellant.
Burns & Harris, New York, NY (Jason S. Steinberg and Judith F. Stempler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 6, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging that the defendant negligently removed snow and/or ice from the subject stairway.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Edwin Coreano (hereinafter the plaintiff) allegedly was injured when he slipped and fell while walking down a service entrance stairway located at certain property owned by the defendant. The plaintiff, and his wife suing derivatively, commenced the instant action alleging, inter alia, that the defendant negligently removed snow and/or ice from the subject stairway. Following the completion of discovery, the defendant moved, among other things, for summary judgment dismissing that cause of action. The Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.
"Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d 942, 943; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Acocal v City of Yonkers, 179 AD3d 630, 631). If a storm is ongoing, and a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating or exacerbating a natural hazard created by the storm (see Blair v Loduca, 164 AD3d 637, 639; Morris v Home Depot USA, 152 AD3d 669, 770). In such an instance, a property owner must demonstrate that the snow removal efforts it undertook neither created nor exacerbated the allegedly hazardous condition which caused the injured plaintiff to fall (see Blair v Loduca, 164 AD3d at 639; Morris v Home Depot USA, 152 AD3d at 770).
Here, the defendant failed to make a prima facie showing that the snow removal efforts it undertook neither created nor exacerbated the allegedly hazardous condition which caused the plaintiff to fall (see DeMonte v Chestnut Oaks at Chappaqua, 134 AD3d 662, 664). Since the [*2]defendant failed to meet its burden, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging that the defendant negligently removed snow and/or ice from the stairway, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court